UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

|  |  |
|---|---|
| **TELSEA GALBRAITH**<br>　　Plaintiff,<br><br>v.<br><br>**FESTIVA DEVELOPMENT GROUP, LLC**<br>**dba KOSMAS  GROUP INTERNATIONAL, INC.**<br>**dba KOSMAS RESORTS**<br>　　Defendant, | Civil Action No. |

## INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff, Telsea Galbraith (hereinafter "Plaintiff"), an individual consumer, against Defendant's violations of the law, including, but not limited to, violations of Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. (hereinafter "TCPA"), and also out of the invasions of Plaintiff's personal privacy by these Defendants and their agents in their illegal efforts in engaging in harassing and unconsented phone calls to Plaintiff's cell phone.

## PARTIES

2. Plaintiff is a consumer, a natural person allegedly obligated to pay any debt, and a citizen of the United States of America who presently resides in the following County, in the following state: Pinellas County, in the state of Florida.

3. Defendant, Festiva Development Group, LLC, dba Kosmas Group International, Inc., dba Kosmas Resorts (hereinafter "Defendant") is a company with its principal place of business located in Orange County, in the state of Florida.  It is engaged in operating resorts and offering timeshares for vacationers.

1

4. At all times relevant hereto, while conducting business in Florida, Defendants have been subject to, and required to abide by, the laws of the United States and the State of Florida, which include the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, and its related regulations that are set forth at 47 C.F.R. § 64.1200 (the "TCPA Regulations), as well as the opinions, regulations and order issued by courts and the Federal Communication Commission ("FCC") implementing, interpreting and enforcing the TCPA and the TCPA Regulations.

5. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION

Jurisdiction is asserted pursuant to the following statutory authorities:

6. Jurisdiction of this court arises under 47 U.S.C. § 227 et seq., and 28 U.S.C. §§ 1331 and 1337. It also arises under 28 U.S.C. § 1367 for supplemental state claims.

7. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred here. Because Defendant transacts business here, personal jurisdiction is established.

## FACTUAL ALLEGATIONS

Case background:

8. Herein, whenever Plaintiff alleges that Defendant either acted or failed to act in some manner, it means that Plaintiff alleges that Defendant acted through one or more of their authorized employees, representatives and/or agents.

9. Within one year prior to the filing of this complaint, Defendant placed harassing calls to Plaintiff, through the usage of an auto-dialer, believably for the purpose of collecting a consumer

debt from her; though she is not the person that it is looking for.  Plaintiff is a 'person' as defined by 47 U.S.C. § 153(10).

10.  Defendants called Plaintiff using an automatic telephone dialing system (hereinafter "auto-dialer") as defined under 47 U.S.C. § 227 (a)(1)(A) and (B) on numerous occasions, without her express consent, as she is not the true debtor it is looking for.

11.  Defendant knowingly and/or willfully acted in the manner described above without Plaintiff's invitation or permission, as Plaintiff kept utilizing the opt-out feature that the pre-recorded message offered to her to use whenever she picked up the phone when Defendant would call.  Plaintiff did this many times, yet Defendant continued to call her.

12.  These telephone calls made by Defendant to Plaintiff were not for emergency purposes, yet Defendant continued to call for Plaintiff despite her many attempts to get it to stop calling her utilizing its automated telephone dialing machine.

13.  As a result of the acts alleged above, Plaintiff suffered actual damages in the form of emotional distress resulting in her feeling frustrated, amongst other negative emotions.

14.  Defendant's illegal and abusive conduct as more fully described above were the direct and proximate cause of emotional distress on the part of Plaintiff, and was in violation of the TCPA, namely including, but not limited to, 47 U.S.C. §§ 227 et seq.

**FIRST CLAIM FOR RELIEF
AND SUPPORTING FACTUAL ALLEGATIONS**

15. Plaintiff repeats, re-alleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the TCPA including each and every one of the provisions of the TCPA, 47 U.S.C. § 227 et seq. with respect to Plaintiff.

17. As a result of the foregoing violations of the TCPA, Defendant is liable to Plaintiff, for actual damages pursuant to 47 U.S.C. § 227, statutory damages in an amount up to $500.00 for each violation of the TCPA pursuant to 47 U.S.C. § 227, treble damages pursuant to 47 U.S.C. § 227, and reasonable costs and attorney fees pursuant to 47 U.S.C. § 227, from Defendant herein.

**SECOND CLAIM FOR RELIEF
AND SUPPORTING FACTUAL ALLEGATIONS**

18.  Plaintiff repeats, re-alleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Telephone Consumer Protection Act, when it stated as part of its findings:

> <u>In implementing the requirements of this subsection, the Commission may, by rule or order, exempt from the requirements of paragraph (1)(B) of this subsection, subject to such conditions as the Commission may prescribe such classes or categories of calls made for commercial purposes as the Commission determines **will not adversely affect the privacy rights that this section is intended to protect[.]**</u>
> 47 U.S.C. § 227(2)(B)(ii)(I) (emphasis added).

20.  In enacting the TCPA, Congress sought to protect the privacy interests of telephone subscribers and consumers, such as Plaintiff, and to place restrictions on unconsented telephone calls, made both with and without the usage of an automatic telephone dialing machine, that are not for emergency purposes and that are placed to individuals' cell phones for commercial purposes, by imposing obligations upon companies, such as Defendant, to not continue to place any calls to a consumer, who it does not have the express consent to call and/or has told the company such as Defendant not to call and/or that such calls would inconvenience them and/or are prohibited, in violation of FCC regulations.

21. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad

range of "financial institutions" including companies that try to collect on debts, albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that <u>each financial institution has an affirmative and continuing obligation to respect the privacy of its customers</u> and to protect the security and confidentiality of those customers' nonpublic personal information.
> 15 U.S.C. § 6801(a) (emphasis added).

22. Defendant and/or its agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of Plaintiff, namely, by unlawfully continuing to attempt to contact Plaintiff, and thereby invaded Plaintiff's privacy.

23. Defendant also intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of the Plaintiff, namely, by unlawfully continuing to contact her on her cell phone without invitation and/or her express consent, or it being for emergency purposes, after she gave it reason to know this would be unacceptable or that such conduct would harass and/or annoy her, and thereby invaded Plaintiff's right to privacy.

24. Defendant and/or its agents intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of trying to contact Plaintiff, which amounted to conduct to intentionally and maliciously harass, inconvenience, bother, frustrate, agitate, aggravate, and annoy Plaintiff, thereby invading and intruding upon Plaintiff's right to privacy.

25. Upon information and belief, Defendant and its agents had knowledge of the TCPA and what is lawful action under that federal statute prior to calling Plaintiff, yet they continued to contact her in an illegal manner.

26. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns and affairs.

27. The conduct of this Defendant and its agents, in engaging in the above-described illegal conduct against Plaintiff, resulted in an intrusion and invasion of privacy by this Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

28. All acts of Defendant and the employees complained of herein were committed with malice, intent and/or negligence, wantonness, and recklessness, and as such, Defendant is subject to imposition of punitive damages.

29. As a result of such an intrusion and invasion of privacy, Defendant is liable to Plaintiff for actual damages in an amount to be determined at trial from Defendant.

## **REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

A. Actual damages from Defendant pursuant to 47 U.S.C. § 227 et seq. for the emotional distress suffered as a result of the intentional and/or negligent TCPA violations, and the invasion of Plaintiff's privacy by intrusion upon seclusion; in amounts to be determined at trial and for Plaintiff.

B.  Trebled statutory damages from Defendant pursuant to 47 U.S.C. § 227 et seq.

C.  Punitive damages.

D.  For such other and further relief as the Court may deem just and proper.

                    RESPECTFULLY SUBMITTED,

                    By: /s/ Katie M. Stone
                    Katie M. Stone
                    Fla Bar No.: 74194
                    Consumer Rights Law Firm
                    5401 S. Kirkman Rd., Suite 310
                    Orlando, FL 32819
                    Phone: (978) 420-4747 or (407) 217-5807
                    Fax: (888) 712-4458
                    attorneykaties@consumerlawfirmcenter.com
                    Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff, Telsea Galbraith, hereby demands trial by jury in this action.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

(STATE OF FLORIDA)

Plaintiff, TELSEA GALBRAITH, says as follows:

1. I am the Plaintiff in this civil proceeding

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this complaint in good faith and solely for the purposes set forth in it

6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1764(2), I, TELSEA GALBRAITH, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 29 May 2014

_____
TELSEA GALBRAITH
Plaintiff

VERIFIED COMPLAINT